PHINEAS W. TAINTOR

*v.*

ISAAC KEYS *et al.*

1. MORTGAGE—*a deed in form—when.*   It is the settled doctrine in equity, that the form of a transaction will not be regarded, but the intention of the parties must control.   If the transaction was in fact a loan or security for money owing, although the conveyance be absolute on its face, still it will be treated as a mortgage, but that fact must be satisfactorily shown.

2. CHANCERY — *sworn answer.* Where a bill charges a deed, absolute on its face, to be a security for a loan of money, and the answers, under oath, clearly and distinctly deny the allegation, and insist, that it was a sale, the answers are evidence and must be overcome by preponderating evidence before relief will be granted.

3. Where a person, holding a certificate of purchase, assigns it to a third person, and he agrees, if the debtor will pay him a specific sum, by a day named, that he will convey him the property, and give him a bond for the purpose, this is in form a purchase from one person and a sale to another. It is unlike a loan of money or pre-existing debt, and the debtor conveys real estate by a deed absolute on its face, and the creditor gives a bond for a re-conveyance on the payment of the money. In such a case, the transaction would appear to be a conveyance with a defeasance.

4. EVIDENCE — *to overcome a sworn answer.* Where a sworn answer denies that the transaction was intended as a mortgage, there must be full proof, that it was a loan and security, to overcome the answer; loose and indefinite statements are insufficient.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. EDWARD Y. RICE, Judge, presiding.

This was a suit in equity brought by Phineas W. Taintor, in the Sangamon Circuit Court, against Isaac Keys, David L. Phillips, Alexander Edgeman and George Carter. The bill alleges that complainant was, on the 15th day of July, 1861, the owner of the equity of redemption of forty acres of land lying near the city of Springfield. That this tract of land had been sold by the master in chancery on the 16th day of July, 1860, on the foreclosure of a mortgage for the sum of $3,602.31, to Milton Hay and Joshua F. Amos.

That on the 15th of July, 1861, complainant conveyed the land to Keys and Phillips, and they executed to him a bond for a reconveyance on the payment of $4,953.16 within twelve months. The bill charges, that the transaction was a loan of money, and a security for its repayment. That Keys came to complainant, and solicited him to borrow the money, to which he consented.

The bill alleges, that complainant tendered to Keys and Phillips $4,359, the amount loaned, with interest, but that it was not accepted. The bill prays, that complainant may be permitted to redeem, and that an account be taken of a variety

of transactions, alleged to have occurred in reference to the property after it came into the hands of Keys and Phillips.

The defendants Keys and Phillips answered, denying that the transaction was a loan or security, but insisting that it was a purchase of the property, and that they had paid the money to Hay and Amos on a purchase of the master's certificate from them, and that they took an assignment to themselves, and that they had contracted with complainant to sell him the property, and give to him a bond for a deed on the payment of the purchase money in one year from that date.

The case was heard on the bill, answers, replications, exhibits and proofs, and the court dismissed the bill, and refused the relief. To reverse that decree complainant prosecutes this writ of error.

Messrs. W. H. Herndon, and C. S. Zane, for the plaintiff in error.

Messrs. Palmer & Hay, and Morrison & Epler, for the defendants in error.

Mr. Chief Justice Walker delivered the opinion of the Court:

The question is presented by this record, whether the assignment of the certificate of purchase by Hay, to defendants in error, and their simultaneous execution of the bond for a conveyance of the property to plaintiff in error, is to be treated as a mortgage, or a purchase from one person and a sale to another. The form of this transaction is certainly that of a purchase and a sale, and not that of a mortgage. Had plaintiff in error conveyed to defendants in error, and they had given back to him a bond for a reconveyance, then it would have been in form a conveyance with a defeasance, and the transaction would then have been in form a mortgage.

It has, however, long been the settled doctrine, that the form of the transaction will not control, but the intention of the parties must determine the nature of the transaction. If

intended as a loan and security for the money loaned, it will be treated as a mortgage and a redemption allowed. For the purpose of giving the character of a mortgage to this transaction, it is alleged in the bill, that defendants in error proposed to loan the sum necessary to redeem from the sale to Hay, to plaintiff in error, and take the assignment of the certificate as security for the repayment of the money. That the loan was effected at twenty-four per cent interest for one year; that the assignment was made, and that a bond for a conveyance was given to plaintiff in error, on the payment of the note given for the sum loaned, with the interest added in, together with any other claims they might hold against him.

The answers were called for under oath, and were filed, duly sworn to by defendants in error. They, by their answers, deny in the most positive and unequivocal manner that it was a loan, or understood or intended to be such; but state that it was a purchase from Hay, and a sale to plaintiff in error. That he applied to borrow money but they emphatically refused to loan it, or to advance it on interest; and deny that any estimate of any per cent was ever made in reference to the money they paid to Hay, and that there was nothing said when the transaction was closed, with reference to interest or per cent on the money. But they agreed if he would pay to them the gross sum for which the note was given, at the specified time, they would convey the land to him.

Does the transaction as it occurred afford evidence to overcome the sale in form, and the sworn answers of defendants in error? This transaction is not like a conveyance from one person to another, and at the same time giving an obligation to convey it back to the grantor upon his performing certain acts. But on its face it assumed the appearance of ordinary purchases of property from one person, and its immediate sale to another, for an advanced price. And then there is to be overcome the sworn answers, which deny that it was intended to be a loan; and the discovery is called for under oath and it thereby became evidence in the case. There seems to be no evidence to overcome these answers.

This case is unlike that of *Snyder* v. *Griswold*, 37 Ill. 216, and of *De Wolf* v. *Strader*, 26 id. 225, and other cases previously before this court, which were held to be mortgages. In those cases it appeared, either that there was an advance of money to, or a pre-existing debt owing from, the grantor to the grantee, and a bond given for a reconveyance of the premises to the grantor when he should refund the money. Nor, so far as this record discloses, was the transaction accompanied with declarations from which a loan could be inferred.

In the case of *Wynkoop* v. *Cowing*, 21 Ill. 571, it was held, that where the sworn answers of the defendants denied that the transaction was intended to be a mortgage, there must be full proof that it was a loan and a security, to overcome the answers; that loose and indefinite statements were not sufficient. Tested by this rule, we in this case fail to find proof of that character. If there be evidence which militates against these answers it is slight, and wholly fails to establish the allegations of the bill. These answers are, directly and unequivocally, responsive to the bill, and deny its allegations. The bill was not sustained by the evidence, and the court below could not have done otherwise than dismiss it.

In the view we have taken of the case we deem it unnecessary to consider other transactions presented by the bill. They would only be important had the transaction been shown to have been a mortgage. It might in such a case have been necessary to consider them, in fixing the amount required for a redemption. The bill, had it been framed to enforce a specific performance of a contract, or if such relief were sought under the general prayer in this bill, could not be maintained, as the requisite amount was not tendered in time, and from the delay in exhibiting the bill, such changes have taken place in the situation and value of the property, that the relief would not be granted on the case presented by this record.

The decree of the court below must therefore be affirmed.

*Decree affirmed.*